JAMES R. LEE ET AL v. AMBROSE B. CHRISTY.

**Pleadings—Answer—Necessary Parties Alleged to have been Omitted.**
In a foreclosure proceeding, where several parties are interested, the . that other parties are interested, and should be joined as defendants,. to be a good defense it must also show the facts, and how that interest. occurs to enable the court to determine the question.

**Judgment—Must Show all Interests in Mortgaged Property.**
In a forclosure proceeding, where several parties are interested, the judgment must show the particular interest of each, to determine their standing in the issue.

**Mortgages—Sale of Property Under Execution—Installments Not Due.**
Where a judgment directs the commissioner to sell so much of the land as may be necessary to pay the installment of the purchase money then due and sued for if the whole tract would not bring more or not. even enough to pay same, that fact would not deprive the judgment creditor of his right to his judgment and the execution thereof, other installments being not yet due.

APPEAL FROM FLEMING CIRCUIT COURT.

October 5, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

of land described in the petition, and the enforcement of a lien,

This action seeks the collection of one installment for a tract on the same for its payment, and the foreclosure of a mortgage, and sale of the mortgaged property to pay another debt, which is. different, and grows out of a distinct transaction from the land sale.

Appellee was by the court below adjudged entitled to the relief he sought, and appellants seek to reverse that judgment on several grounds, the first of which is a defect of parties defendants.

Baughman answered, and did not controvert the debt or his. liability to pay it, but said the note sued on was one of those of like. amount given for the purchase price of land, and as the other two were not then due appellee was not entitled to the judgment. for that one which was due. Second, that quite a number of persons named in the answer, some of whom are non-residents of:

Kentucky, were interested in the matters and things involved in the action, and were necessary parties thereto, and that the summons was not served on either Lee or himself in the county of Fleming, and for these causes resists a trial and judgment. Lee failed to answer the petition.

What interest the persons named in the answer, and also the affidavit of counsel, had in the matters involved in the suit is not shown. In that branch of the action for an enforcement of the lien for the purchase money the deed of appellee and the note sued on are exhibits, from which it appears that appellants were the only purchasers, and they alone were bound for the price of the land.

In such case it was not sufficient to state that certain persons were necessary parties, but the facts should be stated so as to enable the court to determine the question. The mere affirmation of the defendant, and of counsel, was wholly insufficient. The first objection is, therefore, unavailing. Nor did the statements in the affidavits show any sufficient reason for postponing the trial; Baughman from all that appears knew all the facts in relation to the interest of these parties as well when his answer was drawn as when the affidavit was filed.

As to the second objection that the precise interest of Lee in the mortgaged property should have been stated in the judgment, it may be remarked that it certainly would be more direct and leave less for the master to do, and unless there were direct means afforded him to ascertain the interest, it would be error; but here he is ordered to sell *Lee's interest,* &c., and by reference to the mortgage which is an exhibit in the cause he finds precisely what the interest is which he is required to sell.

As to the third and last objection, the judgment directs the commissioner to sell so much of the land as may be necessary to pay the installment of the purchase money then due and sued for, if the whole tract would not bring more, or not even enough to pay the same, that fact could not deprive appellee of his right to his judgment, and the execution thereof; it would be the misfortune of appellants, and might be that of appellee also, but his right to the judgment and sale must nevertheless be enforced.

Perceiving no substantial error in the judgment prejudicial to appellants, the same must be affirmed.

*Phister, for appellants.*